**Thomas R. McNEIL, Petitioner,**

v.

**SUFFOLK COUNTY PAINTERS INSURANCE, WELFARE, VACATION, AND WELFARE SUPPLEMENTAL FUNDS, Respondent.**

**No. 76 C 1963.**

United States District Court, E. D. New York.

May 12, 1977.

Hartman & Alpert, Mineola, N.Y., for petitioner.

Erwin Popkin, Garden City, N.Y., Gerald V. Dandeneau, New York City, of counsel, for respondent.

## MEMORANDUM AND ORDER

PRATT, District Judge.

Defendants removed this action from the Supreme Court of the State of New York, Suffolk County, on the grounds that the cause of action arises under the Employee Retirement Income Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.,* and its jurisdictional counterpart, 29 U.S.C. § 1132(e)(1). By motion argued April 14, 1977, plaintiff McNeil seeks an order remanding the instant matter to the state court on the grounds that it was removed improvidently and without jurisdiction. For the reasons set forth below, plaintiff's motion for remand is granted.

By contract dated March 24, 1975, plaintiff McNeil was employed by the trustees of the various Painter's funds to act as fund administrator for a five-year term. The contract of employment provided, *inter alia,* that "any dispute, controversy or claim arising out of or relating" to the employment agreement shall be settled by arbitration. In October, 1976 McNeil filed a petition in the state court to compel arbitration alleging that in August, 1976 his salary and benefits had been reduced in violation of the employment agreement and that on September 6, 1976 his employment was terminated in violation of the agreement. It is that proceeding that defendants have removed to this court.

The essence of defendants' contention on removal is that, since McNeil was a fund administrator of an ERISA trust and, in discharging him, the trustees acted in accordance with the fiduciary duties imposed on them by ERISA, this court is particularly, if not exclusively, suited to adjudicate such an "ERISA claim". Defendants have not demonstrated, however, that plaintiff's cause of action is indeed an "ERISA claim" rather than the simple contract and arbitration action which it appears to be. Moreover, even assuming that an "ERISA claim" is involved, defendants have failed to show a jurisdictional basis for removal.

Jurisdiction of the action, if it exists, must be found in 29 U.S.C. § 1132(e)(1) which provides that:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have *exclusive jurisdiction of civil actions under this subchapter* brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have *concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.* (Emphasis supplied.)

Subsection (a)(1)(B) of 29 U.S.C. § 1132 provides that:

> (a) A civil action may be brought—
>
> (1) by a participant or beneficiary—
>
> \* \* \* \* \* \*

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan

\* \* \* \* \* \*

 Since the instant action was brought by neither a participant nor a beneficiary, it is not within the "concurrent jurisdiction" provided for by the statute. 29 U.S.C. § 1132(a)(1)(B) & (e)(1). The action was in fact brought to enforce the arbitration clause of an employment contract between the trustees and the fund's administrator, who is assumed for purposes of this motion to be a "fiduciary" under ERISA. Clearly, however, the action is not brought under the provisions of the plan, it seeks to enforce no rights under the plan, nor does it relate to future benefits under the plan. Consequently, the action is not one brought "under this subchapter", i. e., under ERISA, and does not lie within the "exclusive jurisdiction" of the district court. 29 U.S.C. § 1132(e)(1).

Moreover, even if this were an "ERISA claim" over which the federal court had exclusive jurisdiction, the action could not be removed. With exclusive jurisdiction so vested in the federal court, it would follow that the state court was completely without jurisdiction originally over the claim. When an action is removed to, rather than commenced in, a federal court, if the state court had no jurisdiction over the claim, the federal forum obtains none on removal. *General Investment Co. v. Lake Shore M.S. Ry. Co.*, 260 U.S. 261, 288, 43 S.Ct. 106, 67 L.Ed. 244 (1922).

It is evident, therefore, that this action has been removed improvidently to this court which is without jurisdiction. Accordingly, the motion to remand is granted, without costs, pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court is directed to mail a certified copy of this order to the Clerk of the Supreme Court of the State of New York, Suffolk County.

SO ORDERED.